IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN K STEPHENSON, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 2:16-CV-00071-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| CATERPILLAR, INC., SEARS | § | |
| MANUFACTURING CO., and | § | |
| STEPHENSON DIRT CONTRACTING, | § | |
| LLC, | § | |
| | § | |
| *Defendants*. | | |

**MEMORANDUM ORDER**

Plaintiff moves to exclude and limit the opinions of Defendant Caterpillar, Inc.'s ("Caterpillar") machine operation expert, Thomas "Tom" Brady. [Dkt. 195]. After reviewing the parties' submissions and the relevant legal authorities, the Court **GRANTS** Plaintiff's motion.

BACKGROUND

This action arises from an accident that occurred on April 25, 2014. Plaintiff, a paraplegic, was working at his family's general contracting and sub-contracting business, Stephenson Dirt Contracting, and was operating a Caterpillar 259D Skid Steer Loader (a "skid loader"). The skid loader is operated by hand controls and features a seat heater. The seat heater allegedly malfunctioned, and Plaintiff sustained severe burn injuries to his lower body.

Plaintiff brought suit against Caterpillar and Sears Manufacturing Company. Caterpillar retained Tom Brady, an expert in machine operation and a Caterpillar Certified Operator and Instructor. Brady Expert Rep. [Dkt. 197-1]; Brady Dep. [Dkt 229-2] 5:9-13. Brady has operated heavy equipment, earth moving equipment, and compact equipment since 1982, and has had "the opportunity to inspect and operate numerous Caterpillar 249D compact tract loaders

1

which were substantially similar to the machine involved in" Plaintiff's accident. [Dkt. 197-1]. Brady offers a short, two-page expert report in which he asserts the following opinions:

1. Stephenson Dirt Contracting failed to properly train Mr. Stephenson to operate the Subject Machine. Proper training is required for safe operation of equipment.

2. Stephenson Dirt Contracting failed to modify the Subject Machine to accommodate Mr. Stephenson's paraplegia.

3. Stephenson Dirt Contracting failed to notify Mr. Stephenson of all of the Subject Machine's features, including the seat heater.

4. Stephenson Dirt Contracting allowed Mr. Stephenson to enter the Subject Machine in an unsafe manner. Specifically, Mr. Stephenson essentially crawled or dragged himself into the Subject Machine. The Subject Machine was not designed for entry in this manner. Entry in this way could result in injury.

5. I have operated heavy equipment, earth moving equipment, and compact equipment since 1982. Over the last 20 years, I have trained over 3,000 operators to operate heavy equipment, earth moving equipment, and/or compact equipment including compact track loaders. In that time, I have never been requested to train a paraplegic nor have I witnessed a paraplegic operate heavy equipment, including compact track loaders. In my opinion, a paraplegic is not an anticipated or foreseeable user of the Subject Machine.

6. Had basic safety rules been followed and adequate training provided, the accident could have been avoided. Safety is everyone's job and any unsafe practices, including operating machines without training, should have been stopped.

[Dkt. 197-1] p. 2. In his last paragraph, Brady ultimately opines that Plaintiff's injuries could have been avoided had Stephenson Dirt Contracting modified the skid loader to accommodate Plaintiff, provided adequate training to Plaintiff, and followed basic safety rules regarding Plaintiff's use of the skid loader. *See id.* Plaintiff challenges the admissibility of Brady's opinions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Phamaceuticals, Inc.*, 509 U.S. 579 (1993).

## LEGAL STANDARD

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Thus, the first inquiry under Rule 702 is determining whether the proffered witness is actually 'qualified to testify by virtue of his "knowledge, skill, experience, training, or education. A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject.' *St. Martin v. Mobil Expl. & Producing U.S. Inc.*, 224 F.3d 402, 412 (5th Cir. 2000) (quoting Fed. R. Evid. 702).

Assuming the proffered witness is qualified, the Court then evaluates the proposed testimony. Pursuant to Rule 702, the Court must act as a gatekeeper, whose function involves a two-part inquiry into reliability and relevance. *See Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999) (citing *Daubert*, 509 U.S. at 592-93). As to the reliability inquiry under *Daubert*, the expert opinion must be supported by appropriate validation and must go beyond unsupported speculation or subjective belief. *Daubert*, 509 U.S. at 590. As to the relevancy inquiry under *Daubert*, the 'requirement that expert testimony "assist the trier of fact to understand the evidence or determine a fact in issue" captures the relevancy inquiry.' *Childs v. Entergy Mississippi, Inc.*, No. CIV.A 2:08CV77-P-A, 2009 WL 2508128, at *2 (N.D. Miss. Aug. 13, 2009),

*aff'd*, 411 F. App'x 699 (5th Cir. 2011). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (citations omitted). Moreover, expert testimony on matters within the common knowledge and experience of the jury does not assist the trier of fact, rendering the testimony inadmissible. *See Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990). In any case, the objective of the Court's gatekeeping requirement is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

Overall, under Rule 702 and *Daubert*, "'a district court has broad discretion to determine whether a body of evidence relied upon by an expert is sufficient to support that expert's opinion.'" *Johnson v. Arkema*, 685 F.3d 452, 458-59 (5th Cir. 2012) (quoting *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 354 (5th Cir. 2007)). The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies Rule 702. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

## DISCUSSION

Plaintiff moves to exclude each of Brady's opinions on two evidentiary grounds. First, Plaintiff argues that Brady is not qualified to opine as to the skid loader's design in Brady's Opinions 4 and 5, *supra*. Second, Plaintiff argues that Opinions 1, 2, 3, and 6 are simply conclusory, and thus irrelevant and unreliable. The Court will address the inadmissibility of each opinion below.

### A. Whether Brady is Qualified to Offer Opinions 4 and 5

Plaintiff submits a challenge to Brady's qualifications regarding Brady's fourth opinion. Plaintiff argues that Brady is not qualified to opine that the skid loader was not designed for Plaintiff to ingress into the vehicle by dragging himself, as Brady is not a skid loader design expert. [Dkt. 195] p. 9.

The Court does not agree with the notion that Brady must be a design expert to opine whether ingress to the skid loader was proper. Brady is a Caterpillar Certified Operator and Instruction and has over 30 years of experience in training others in operating equipment such as the skid loader at issue. Brady testified that he has trained thousands of people around the world on how to operate Caterpillar machinery. [229-2] 25:15-26:11. As such, Defendants have demonstrated that Brady possesses sufficient expertise to testify as to the proper operation of the skid loader, including how to ingress and egress safely. Though Brady is qualified to testify, the Court expresses concerns about the relevance of Opinion 4 and addresses this concern below.

Regarding Opinion 5, Plaintiff contends Brady does not account for skid loaders that are operated only by hand controls because Brady fails to provide any specifics about the machines or the number of each machine Brady trained 3,000 operators to use. [Dkt. 195] pp. 10-11. Plaintiff argues Brady thus used an unreliable methodology in forming his opinion that a paraplegic is not an anticipated or foreseeable skid loader user. *Id*. Plaintiff points out that the sole basis for the opinion is that Brady has never seen a paraplegic operate heavy equipment and has never been asked to train a paraplegic. Id.

The Court finds Opinion 5 to be unreliable. While "[t]rained experts commonly extrapolate from existing data," the Supreme Court has held that "nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." General Elec. Co. v. Joiner, 522

5

U.S. 136, 146 (1997).

In such a situation, "[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." Id. Brady's fifth opinion falls squarely within *ipse dixit*, as Brady's opinion can be summarized in the following manner: I have never seen it, therefore it is not so. While Brady's experience is notable, and he can rely on his experience, his experience alone is not enough to conclude that Plaintiff or other paraplegics are not foreseeable users. This is especially true given that Brady has no experience is design of equipment, which is the expertise necessary to opine on what users are foreseen by the designer. Thus, Brady's fifth opinion is inadmissible as unreliable.

**B. Whether Brady's Opinions Reliable and Relevant**

*a. Opinions 1 and 6*

As to Opinions 1, and 6, Plaintiff argues that this testimony does not assist the trier of fact because Brady fails to identify which safety rules were not followed and which training was not provided regarding the operation of the skid loader or the seat heater specifically. [Dkt. 196] pp. 5, 12. The Court agrees with Plaintiff.

Brady simply opines that Stephenson Dirt Contracting failed to properly train Plaintiff, proper training is required for safe operation of the skid loader, and the accident could have been avoided had rules been followed and training been provided. Brady's report goes no further than this. Despite Brady's extensive experience in the operation of machines, such as the skid loader, Brady fails to articulate the pertinent training in his deposition or his report. Brady references the Operations and Maintenance Manual, an Association of Equipment Manufacturers pamphlet, industry-accepted practices, contractors associations, and MSHA and OSHA standards in his deposition, but he did not identify a specific relevant standard regarding the operation of the skid loader. [Dkt. 229-2] 32:16-34:22. Without more than mere conclusions, this testimony neither

6

reliable nor helpful to the jury.

   b. *Opinion 2*

Plaintiff also asserts that Opinion 2 does not assist the trier of fact because Brady's testimony fails to explain what accommodations should have been made that could have prevented Plaintiff's injury. *Id.* at 8. The Court has reviewed Brady's deposition, and agrees with Plaintiff's contention based on the following testimony:

> **Q**. Well what is there any other alternative other than going to Caterpillar and asking for a custom made piece of equipment or someone at Stephenson Dirt Contracting pulling out a torch and starting to cut things off, is there anything in between there, any alternative that Stephenson Dirt Contracting could have done to motive [sic] this machine?
>
> **MR. PHILLIPS**: Form.
>
> **THE WITNESS**. *I really don't know other than modify and I'm not qualified to speak* to the [sic] what they should have done but given there's a condition that this gentleman has that puts him at risk getting in and out of this machine I would I would [sic] pursue that. *I would ask someone but that's not in my area of expertise*.

[Dkt. 229-3] 181:21-182:14 (emphasis added).

> **Q**. You're not giving any testimony about what modification should have been made to the machine are you?
>
> **A**. No.
>
> **Q**. What is your opinion related to modification? Can you explain that to us?
>
> **A**. *My opinion is in some fashion by some qualified personnel that machine could be modified to accommodate his limitation.*

[Dkt. 229-3] 324:2-10 (emphasis added). Brady does not rely on his expertise in forming this opinion – he admits that he is not qualified to testify about what modification should have been made. Brady's testimony essentially states that someone, somewhere should have done something. This kind of testimony simply does not pass evidentiary muster. Opinion 2 relies on common

7

sense. Common sense testimony falls within the common knowledge of the jury, and, without more, this testimony is neither reliable nor helpful to the trier of fact.

### c. Opinion 3

Brady opines that Stephenson Dirt Contracting failed to notify Plaintiff of all the skid loader's features, including the seat heater. Brady testified that he formed this opinion because (1) Plaintiff skimmed the Operations and Maintenance Manual, (2) despite skimming the Operations and Maintenance Manual, Plaintiff was still unaware of the location of the seat heater switch, and (3) Plaintiff's father testified that Stephenson Dirt Contracting did not provide training. *See* [Dkt. 229-3] 196:7-19. This proffered opinion is actually in the nature of a factual conclusion, not an opinion, and the facts are not within Brady's personal knowledge. Opinion 3 consists of conclusions that will not be given the imprimatur of an expert opinion, and must be excluded.

### d. Opinion 4

The same concerns with Opinions 1 and 6 are present with Opinion 4. The Court notes that Brady provided the proper methods of ingress in his deposition, but fails to discuss how failing to properly ingress could have caused Plaintiff's injuries. For example, Brad simply testifies that Plaintiff "entered the machine in an unsafe" manner and that unsafe entry "can cause harm to himself by doing that." [Dkt. 229-3] 248:8-24. There is nothing else. Brady points to the three-contact rule in his deposition, *id.* at 250:2-10, and also points to a prohibition on stepping on the skid loader's rubber tracks, *id.* at 253:16-254:10, but he fails to tie these methods to Plaintiff's burn injuries. Without more, this testimony is not relevant and does not assist the trier of fact.

## CONCLUSION

For the above reasons, Plaintiff's motion to exclude the opinion testimony of Thomas

8

Brady [Dkt. No. 195] is **GRANTED**.  This ruling does not prevent Defendant from eliciting relevant fact testimony from Brady concerning the proper use and safe operation of the loader.

**SIGNED this 7th day of November, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE