# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN K STEPHENSON, | § § | |
| *Plaintiff*, | § § | Case No. 2:16-CV-00071-JRG-RSP |
| v. | § § | |
| CATERPILLAR INC., AND SEARS MANUFACTURING CO., | § § § § | |
| *Defendants*. | § § | |

## ORDER

The above entitled and numbered civil action was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636. Now before the Court is the Report & Recommendation (ECF. 290) by Magistrate Judge Payne, which recommends that third-party defendant Backer BHV AB's ("Backer BHV") motions to dismiss (ECF 214, 233) be denied. Backer BHV also files a renewed motion to dismiss (ECF 328). The Court has considered Backer BHV's objection (ECF 327) to Magistrate Judge Payne's report and recommendation and its renewed motion to dismiss (ECF 328) and finds both unpersuasive.

In its objection, Backer BHV opines that it had until November 2, 2018 to file its reply in support of its motion to dismiss given the Magistrate Judge's order (ECF 221) granting Defendant Sears Manufacturing Co.'s motion to conduct jurisdictional discovery (ECF 217). Per the Local Rules, the Court need not wait for a reply before ruling on the motion. Local Rule CV-7(f).

But even if the reply were necessary for an order, the Court has reviewed the evidence Backer BHV wished to proffer, and finds that the additional declaration by Par Ohlsson (ECF 297-

1

2) further supports denial of the motion. Ohlsson's declaration states that Backer BHV worked closely with Sears, a manufacturer defendant in this suit, in creating design guidelines for the seat heater design at issue in this case. Thus, Ohlsson's declaration further supports Magistrate Judge Payne's findings that "[t]here is sufficient evidence for the Court to conclude that Backer BHV delivered the seat into the stream of commerce with the expectation that it would be purchased by or used by consumers in Texas." (ECF 290).

Backer BHV argues that the Fifth Circuit's opinion in *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006) would impact this finding. *Seiferth* is distinguishable from the case at hand in two important respects. First, *Seiferth* involved an individual who merely licensed his design to a limited liability company, 472 F.3d at 269-70, whereas this case involves a company – Backer BHV – helping to create the design itself. Second, the Fifth Circuit was applying Mississippi law, not Texas law, in finding that the plaintiff's defective design claim did not arise from the licensor's contacts with Mississippi. *Seiferth*, 472 F.3d at 275. The applicable Texas law is Texas Civil Practice & Remedies Code §§ 82.001 and 82.002, where a manufacturer, defined as a "designer" *inter alia*, must indemnify a seller against loss arising out of a products liability action. Backer BHV essentially asks the Court to construe *Seiferth* as excluding from the stream of commerce those who participate with the manufacturer in the defective design of the product. That request is simply not supported by the law and would ignore the Texas statute.

The Court finds Magistrate Judge Payne's report to be correct. Accordingly, and upon *de novo* review of the report and recommendation, it is ORDERED:

- The objection (ECF 327) is OVERRULED;

- Backer BHV AB's motions to dismiss (ECF 214, 233) are DENIED;

- Backer BHV AB's renewed motion to dismiss (ECF 328) is DENIED; and

- The report and recommendation (ECF 290) is ADOPTED.

**So Ordered this**
**Nov 16, 2018**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE