# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN K. STEPHENSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:16-CV-00071-JRG-RSP |
| | § | |
| CATERPILLAR INC. and SEARS MANUFACTURING CO., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

The above entitled and numbered civil action was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636. Now before the Court is the Report & Recommendation (Dkt. No. 342) by Magistrate Judge Payne, which recommends that third-party defendant Backer Heating Technologies, Inc.'s ("Backer HTI") motion for summary judgment (Dkt. No. 192) be denied. Magistrate Judge Payne found that there is a genuine fact dispute as to whether Backer HTI is a manufacturer, within the meaning of the Texas Products Liability Act, by having participated in the design of the seat heater. *Id.* The Court has considered Backer HTI's objection (Dkt. No. 346) to Magistrate Judge Payne's report and recommendation (Dkt. No. 342) and finds it unpersuasive.

In its objection, Backer HTI now argues that it was involved in the design process, but only in an attenuated and indirect manner, as its role was limited to conveying information to Defendant Sears Manufacturing Co. ("Sears") regarding Sears's references, options, costs, and selections for various seat heating elements. (Dkt. No. 346). Backer HTI relies on Judge Rosenthal's order in

1

*Rubin v. Daimlerchrysler Corp.*, No. CIV.A. H044021, 2005 WL 1214605 (S.D. Tex. May 20, 2005), where Judge Rosenthal noted, "Texas law does not provide a reasonable basis for holding a dealership liable for a product's defective design because the dealership provided the manufacturer information about customer complaints and preferences." *Rubin*, 2005 WL 1214605 at *7. This is a new argument, which was not raised in its original briefing for consideration by Magistrate Judge Payne and is improperly brought now in the form of an objection. "[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n. 3 (5th Cir. 2001).

Even if this argument were properly before the Court, the facts set forth by Sears create a fact issue as to whether Backer HTI's involvement in the design process was merely attenuated. As Magistrate Judge Payne noted, Backer HTI's President Turner sent a letter to Sears's Joan Trullinger on October 1, 2009 summarizing their September 30, 2009 meeting regarding the design of the seat heater:

> After conversation with John Riedel on Oct. 1, **Calesco will redesign the box**, minimizing size and removing wire holes, provide Sears with CAD – October 10… In addition, we want to remind [sic] our conversation from yesterday [sic] the Sears elimination of part numbers. … This would allow you to use 1 set of heaters for 12 volt 1 set of heaters for 24 volt and can use on the Calesco designed control box on both pour in place and cut and sow heaters.

(Dkt. No. 296-3) pp. 1-2 (emphasis added). This letter was signed by Turner and printed on Calesco Norells North America letterhead, which is the same entity that is the predecessor entity to Backer HTI. The following year, Turner emailed Sears's John Riedel to state that "we can change thermostat [sic] to one that opens at 50+/- 5 degrees Celsius and shuts at 42+/-5 degrees Celsius. Or [sic] we can investigate lowering the power of the program in the control box." (Dkt. No. 296-5) pp. 14-15. This evidence suggests that Backer HTI's participation in the seat heater design

process was more than summarizing Sears's desires and providing information to Sears, as was the case with the dealership in *Rubin*. Based on this evidence, a reasonable jury could find that Backer HTI's participation in the seat heater design was not insignificant.

Accordingly, "Sears has defeated summary judgment by setting forth specific evidence that creates a genuine issue of fact." (Dkt. No. 342). The Court thus finds Magistrate Judge Payne's Report & Recommendation to be correct and it is hereby **ADOPTED**. Accordingly, and upon *de novo* review of the Report & Recommendation, Backer HTI's objection (Dkt. No. 346) is **OVERRULED** and Backer HTI's motion for summary judgment (Dkt. No. 192) is **DENIED**.

**So ORDERED and SIGNED this 14th day of December, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE